# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50826
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2018

Lyle W. Cayce
Clerk

JULIETTE FAIRLEY,

      Plaintiff - Appellant

v.

PM MANAGEMENT - SAN ANTONIO AL, L.L.C., doing business as
Lakeside Assisted Living by Trisun Healthcare,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CV-426

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

      Before the court are the district court's grants of PM Management d/b/a Lakeside Assisted Living's ("Lakeside") Rules 12(b)(1), 12(b)(6) and 12(b)(7) motions to dismiss. For the reasons below, we AFFIRM.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50826

I.

Juliette Fairley, a resident of New York, filed this lawsuit as next of friend and advocate of her father, James Fairley, a resident at Lakeside in San Antonio, Texas. Juliette asserts numerous causes of action arising from the treatment of her father at Lakeside, including her own visitation rights.

Prior to the lawsuit, a Texas probate court appointed Sophie Fairley, James's wife, as the permanent guardian of James; Juliette's application to be appointed James's guardian was dismissed. A Texas court of appeals affirmed the appointment. The probate court also determined that James had limited opportunity to visit with Juliette and that special arrangements must be made to facilitate their visits. Personal and telephone contacts between James and Juliette are supervised by a monitor, per court order.

Juliette asserted federal jurisdiction on the existence of diversity and federal questions. Lakeside argued before the district court that Sophie was an indispensable party. Although Lakeside and Juliette are citizens of different states, Sophie—like Lakeside—is a resident of Texas. Juliette further alleged that the probate court orders violate federal law, and that because Lakeside receives Medicare and Medicaid funding, it is a state actor acting under color of law for 42 U.S.C. § 1983 claims. Juliette also alleged claims under the Nursing Home Reform Amendments Act ("NHRA"). Finally, Juliette brought a claim under Title II of the Civil Rights Act of 1964 for alleged discrimination by Lakeside.

The district court determined that Sophie was an indispensable party, and therefore diversity failed to exist. It further determined that just because a nursing home receives federal funding or follows state court orders, it does not become a state actor subject to § 1983 claims. It also determined that any NHRA claim must be made by James's legal guardian—here, Sophie—and not by Juliette. As to the Title II claim, the district court determined Juliette failed

2

No. 17-50826

to state a claim upon which relief could be granted. Accordingly, it dismissed Juliette's lawsuit. She timely appealed.

## II.

"We review a district court's decision to dismiss for failure to join an indispensable party [under Rule 19] . . . under an abuse-of-discretion standard." *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) (internal quotations omitted). "We review de novo the district court's order on a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

## III.

The district court, having determined that Sophie was an indispensable party, did not abuse its discretion. Juliette specifically raised issues pertaining to the probate court's order on visitation with James. Determining that Sophie, as James's legal guardian, is a necessary party because any claim pertaining to James necessarily implicates Sophie was not an abuse of discretion. And because Sophie and Lakeside are both residents of Texas, if Sophie were joined as a party, the basis for diversity jurisdiction would fail.

Moreover, as to the claims attempted under federal question jurisdiction, the district court did not err in dismissing them for failure to state a claim. Juliette's claim under § 1983 is premised upon Lakeside being a state actor because it follows an—allegedly incorrect—order of a state probate court. This factor does not amount to Lakeside being a state actor for purposes of § 1983 claims, and the district court appropriately dismissed the claims. *See Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 353 (5th Cir. 2003) ("[T]his Court's precedent establishes that even if a court wrongly decides a case, the fact that a private party complies with that wrong decision does not constitute state action."). The district court also dismissed Juliette's attempted NHRA claim, which is seemingly actionable through § 1983 for Medicaid recipients.

No. 17-50826

*See Steward v. Abbott*, 189 F. Supp. 3d 620, 638 (W.D. Tex. 2016) (collecting cases). Any such allowable action must be brought by the beneficiary, however. *See id.* Therefore, even if Lakeside were subject to this claim, Juliette is not the proper party to bring it. Such a claim must be brought by James's legal guardian, Sophie. Finally, the district court properly dismissed the Title II claim because Lakeside is not a place of public accommodation, *see* 42 U.S.C. § 2000a(b), and Juliette failed to carry her burden to establish a plausible claim of discrimination in her complaint, *see Fahim v. Marriott Hotel Servs., Inc.* 551 F.3d 344, 349 (5th Cir. 2008).

AFFIRMED.